IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew W. Prewitt,                            Case No. 3:13 CV 101

        Plaintiff,                  MEMORANDUM OPINION
                                              AND ORDER
-vs-
                                              JUDGE JACK ZOUHARY
David Woessner, et al.,

        Defendants.

*Pro se* Plaintiff Andrew Prewitt filed this action against Wood County Court of Common Pleas, Juvenile Division Judge David Woessner and Keith Sparrow. Plaintiff alleges his constitutional rights were violated during the course of ongoing state juvenile court proceedings. He seeks injunctive relief.

## BACKGROUND

Plaintiff appears to be involved in legal proceedings relating to parental custody of his minor child. He alleges these proceedings are currently ongoing and pending before Judge Woessner in the Juvenile Division of the Court of Common Pleas of Wood County, Ohio. *See Prewitt v. Zielinski*, Case No. 04 JF 0174 (Wood County Ct. Common Pleas). According to documents attached to the Complaint, Judge Woessner appointed Sparrow to serve as guardian ad litem ("GAL") for Plaintiff's child in April 2011 (Doc. 1-1 at 1–2).

Plaintiff alleges Sparrow has behaved inappropriately on a number of occasions since his GAL appointment. Specifically, Plaintiff claims Sparrow (1) misrepresented his role as the minor child's

attorney; (2) made false claims and statements against Plaintiff; (3) refused to investigate the alleged assault of the child; and (4) acted in an abrasive, disrespectful manner towards Plaintiff. Plaintiff also claims Sparrow refused to honor a verbal agreement that Plaintiff would receive sole custody of the minor child if Plaintiff dropped all contempt charges against the child's mother and the mother moved out of Ohio. Plaintiff states he filed numerous grievances and motions regarding Sparrow's allegedly improper behavior, but Judge Woessner failed to remedy the situation. He claims that by failing to "control Sparrow," Judge Woessner is implicitly condoning Sparrow's behavior and exhibiting a biased attitude.

Plaintiff filed the instant Complaint on January 15, 2013 (Doc. 1), claiming violations of his constitutional right to be a parent under the Fifth, Ninth and Fourteenth Amendments; his equal protection and due process rights; and his right to associate with his children under the First Amendment (Doc. 1 at 8). Plaintiff also claims Defendants' actions violate 42 U.S.C. § 1981, 5 U.S.C. § 8507, and 28 U.S.C. § 144 (Doc. 1 at 2).

Plaintiff seeks an injunction (1) ordering Judge Woessner to remove Sparrow from the "ongoing litigation" in his Wood County juvenile court proceedings, and (2) instructing Judge Woessner to fulfill the alleged verbal agreement between Plaintiff and Sparrow referenced above (Doc. 1 at 9). He does not seek monetary relief.

### STANDARD OF REVIEW

This Court notes Plaintiff paid the $350 filing fee in this case and, therefore, the screening provisions set forth in 28 U.S.C. § 1915(e) do not apply. *See Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999). The Sixth Circuit has explained that, "[g]enerally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the

2

opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see also Tingler v. Marshall*, 716 F.2d 1109, 1111–12 (6th Cir. 1983) (requiring a district court to give unambiguous notice of its own motion to dismiss and to notify parties of a reasonable date by which they must respond).

A district court may, however, *sua sponte* dismiss a complaint at any time pursuant to Federal Civil Rule 12(b)(1) for lack of subject matter jurisdiction "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Levin*, 415 U.S. 528, 536-37 (1974)). In other words, a district court may *sua sponte* dismiss a claim under Rule 12(b)(1) where that claim lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. Under these circumstances, a district court need not provide a plaintiff an opportunity to amend his/her complaint. *Id.* at 479; *see also Tingler*, 716 F.2d at 1111.

## ANALYSIS

In the instant case, Plaintiff's constitutional claims derive from alleged misconduct by Sparrow in his role as GAL in Plaintiff's underlying state custody proceedings, as well as Judge Woessner's alleged failure to "control" Sparrow's behavior. Plaintiff does not seek monetary relief; rather, he asks this Court to intervene in these ongoing state proceedings in order to remove Sparrow as GAL and enforce an alleged verbal agreement whereby Plaintiff would receive sole custody of his minor child. For the following reasons, this Court finds it must abstain from intervening in Plaintiff's state court proceedings.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that principles of comity prelude federal courts from interfering with pending state proceedings involving important state

3

interests unless extraordinary circumstances are present. *Id.* at 44–45. As that Court explained, "[t]he notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* Thus, when a person is involved in an ongoing state action implicating important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988).

Applying these principles, abstention is appropriate if: (1) state proceedings are on-going, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006). The Supreme Court has indicated that "[t]he policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

All three factors supporting abstention are present here. First, Plaintiff repeatedly alleges the custody proceedings at issue are "ongoing," thereby satisfying the first factor (Doc. 1 at 7, 9). Second, resolution of domestic relations matters, including child custody proceedings, implicate important state interests. *See Akenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (stating that the power to regulate domestic relations, such as child custody decrees, are within the realm of state, not federal, law). Indeed, the Sixth Circuit has upheld the dismissal of claims on abstention grounds "where the underlying issues involved domestic relations because domestic relations involve

4

'paramount' state interests." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995); *see also Farkas v. Ohio*, 2012 WL 3600201, at *3 (S.D. Ohio 2012).

With respect to the third factor, the pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the plaintiff to demonstrate that state procedural law bars presentation of his federal constitutional claims. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987). When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15. Here, Plaintiff has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims. Consequently, this Court finds the third factor supporting *Younger* abstention is present.

In light of the above, this Court finds all three requirements of *Younger* are satisfied and this Court must abstain from intervening in the ongoing Wood County juvenile court proceedings at issue. Thus, although Plaintiff has paid the filing fee in the instant case, this Court finds his claims lack the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple*, 183 F.3d at 479. *Sua sponte* dismissal is, therefore, appropriate.

## CONCLUSION

Accordingly, and for all the reasons set forth above, this action is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 29, 2013